

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SSA
F. #2020R00416

*610 Federal Plaza*
*Central Islip, New York 11722*

November 13, 2023

By ECF

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Robert Adams
                  Criminal Docket No. 20-263 (GRB)

Dear Judge Brown:

        The government respectfully submits this letter in advance of the defendant Robert Adams's sentencing, which is scheduled for November 17, 2023. On July 6, 2023, the defendant pled guilty to Count One of the above-captioned indictment, charging him with sexual exploitation of a minor (production of child pornography), in violation of Title 18, United States Code, Sections 2251(a) and (e).[1] The defendant's United States Sentencing Guidelines are life imprisonment; he faces a statutory minimum of 15 years and a statutory maximum of 30 years' imprisonment. The United States Department of Probation recommends an 18-year term. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 30 years' incarceration.

I.    Facts

        Over a two-day period in April 2020, an undercover law enforcement officer used Kik Messenger to communicate with the defendant. They communicated over private Kik messages, a Kik group chat, and on a Kik group. During these chats, the defendant indicated that he was sexually active with a one-year-old girl (later determined to be his daughter, and "Jane Doe" in the indictment) and an eight-year-old girl (later determined to be his niece). He sent (non-pornographic) photos of himself with both girls. He stated, in sum and substance, that he had sexually abused Jane Doe as recently as two nights before the chat. He also said that the girls were

---

[1] Count Two charged Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), as the defendant sent the image to the undercover officer (among others).

the "best taste in the world" and that he had "tried to have the eight-year-old suck him off, but not fully." Excerpts of these chats appear below.



The next day, the defendant sent the undercover officer an image of child pornography: a toddler, laying down with her legs spread and her vagina visible, with the hand of an adult male splayed over her body and his thumb on her vagina (the "Subject Image").

The FBI quickly determined that the defendant's Kik account was associated with particular email and IP addresses, and obtained subscriber information showing that the defendant was the account user and that he lived in North Babylon. They obtained a search warrant for the defendant's electronic devices and his residence, where he lived with his girlfriend and Jane Doe, his one-year-old daughter.

Agents searched the residence pursuant to a warrant. Agents observed that furniture in the house matched furniture in the background of the Subject Image. The defendant agreed to speak to them, and told them that he took the photo in the Subject Image, and that it was Jane Doe in the Subject Image. He attempted to explain away his actions by saying that a month earlier, he had encountered "Marcus" on Kik. Marcus invited him into a Kik chat room, but in order to "get in," the defendant had to send a live picture of him and his child. He denied responsibility by claiming that he lied in the chats about sexually abusing Jane Doe and his niece—that he had only said that, not actually done it.

No other child pornography images were found in the defendant's phone, but according to him, he had deleted his Kik account the night before.

II.  Guidelines Calculations

The United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") applicable to the defendant are correctly set forth in the PSR. Based on a total offense level of 43 and criminal history category I, the guidelines are life. However, due to the statutory maximum on the count of conviction, the effective range is 30 years. This is also the guidelines range provided by the government in the plea agreement, which the defendant stipulated to.

III.  Sentencing Analysis

The Court should impose a term of 30 years, which is below-Guidelines and the maximum sentence allowed by statute. The nature and circumstances of the offense, and the need for the sentence imposed to promote respect for the law, afford adequate deterrence and protect the public, counsel for a 30-year term.

As to the crime itself: the defendant spoke with others in frank terms about sexually abusing his one-year-old daughter and eight-year-old niece. His words speak for themselves: "best taste in the world" when referring to a child's vagina. "Rub touch cum on her," regarding his toddler. When asked if he took "naughty pictures" of them, he replied, "of course!" He then quickly proceeded to share the Subject Image with the undercover, who he had just started chatting with. Subsequent investigation revealed that the Subject Image was taken contemporaneously with the chat.

It is only due to the FBI's quick action in responding to a situation of then-occurring sexual abuse of Jane Doe that a limited view of the defendant's criminal activity is available. It defies logic and common sense to conclude that the two-day window where the defendant conversed with the undercover and almost immediately sent a photograph of child pornography was his first or only foray into this heinous activity.[2] The conversations captured, brief as they are, demonstrate that the defendant was perfectly comfortable discussing with strangers the most vile abuse of his daughter and niece, and children in general.

Further, the need for general deterrence is paramount in cases such as these. Despite law enforcement's diligent efforts, it is difficult to even make a dent in the number of child exploitation cases that occur over the internet. For every individual such as the defendant who is caught and charged, there are hundreds more who evade prosecution. This Court has observed on its own docket that breadth and frequency of these cases. Accordingly, to the extent a lengthy

---

[2] The psychological report prepared at the request of the defense surmises that "It is important to note that the Internet has vastly increased the availability and accessibility of child pornography online. Despite that, there is no evidence that Mr. Adams has engaged with such content at any point, aside from the instant offense. His actions via social media do not represent a proclivity toward those materials, but rather a one-time mistake, facilitated by the ease of the chatroom and constant urging by his peers. Applications such as Kik, and each specific chatroom, allows for one's deepest fantasies to be revealed."

sentence for this defendant can protect the public—though it cannot retroactively protect Jane Doe—one should be imposed.

It is telling that Jane Doe's mother has cut off all contact with the defendant since his arrest (see PSR ¶ 43). The simple fact cannot be overstated: the defendant victimized his own, biological child, and sent the image of that victimization to a stranger he met on Kik. There can be no lower conduct.

The government acknowledges that the defendant had a troubled and difficult upbringing, which, according to him, included sexual abuse. He has also served this country in our military, and performed well at the MDC while incarcerated. These factors should be taken into account by the Court when fashioning an appropriate sentence. But they do not tip the scale in favor of a shorter sentence. They simply underscore the fact that crimes of this nature are committed by those in all walks of life. And all of those who commit them should be adequately punished.

IV. Conclusion

The government respectfully submits that a sentence of 30 years' imprisonment should be imposed.

Respectfully submitted,

BREON PEACE
United States Attorney

By: *Samantha Alessi*
Samantha Alessi
Assistant U.S. Attorney
(631) 715-7894

cc: Clerk of the Court (GRB) (by ECF)
Charles S. Hochbaum, Esq. (by ECF)
U.S.P.O. Gregory Giblin (by email)

4