```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,
                                                                    Dkt. No. 20-480 (GRB)

            -against-

GUNNAR JAKOBSEN,

                        Defendant.
-----------------------------------------------------------x
```

## SENTENCING SUBMISSION

Law Offices of Charles S. Hochbaum
Attorney for defendant
9322 Third Avenue
Suite 506
Brooklyn, NY 11209

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                          Dkt. No. 20-cr-263 (GRB)

        -against-

ROBERT ADAMS

               Defendant.
---------------------------------------------------------x

## MEMORANDUM OF SENTENCING FOR ROBERT ADAMS

### INTRODUCTION

      Robert Adams appears for sentence after having pled guilty to Production of Child Pornography pursuant to 18 USC 2251(a). Said plea requires a minimum sentence 15 Years and a maximum sentence of 30 years Probations guideline calculation is a level 43 with a recommended sentence of 18 years plus supervised release.

      Attached hereto is the report of Dr Alexander Bardy, a recognized expert in diagnosis of sexual disorder.

      Dr Bardy is not simply a paid expert willing to report anything the Client desires. This Court was submitted a report in the matter of US v Jakobsen 20 cr 480 in which Dr Bardy reported that Mr Jakobsen was a potential recidivist. This diagnosis is radically diffrerent . The last paragraph of his report related to Mr. Adams states as follows:

      " The psychologlical evaluation reveals that Mr. Adams does not hold a sexual attraction to minors and does not meet the diagnostic criteria for a diagnosis of pedophilic disorder. Therefore it is my opinon, to a reasonable degree of medical certainty, that Mr. Adams is at a low risk of reoffending in the future and thus poses a low risk to the community and to minor individuals particularly given his intact moral tendencies.

      Additionally Attached are letters from Mr Adams family and friends as well as over 30 certificates of clompleted courses at MDC and proof that he

earned 24 college credits from Columbia University.

In the PSR the details of Mr Adams physical psychological and sexual abuse are well documented and do not need to be repeated here. Probation clearly thinks that should be a factor in determining the sentence herein. It is enough to point to paragraphs 97 and 98 of the PSR as to his very difficult child circumstances and military service as reasons that may warrant departure or variance.

18 usc Section 3553(a) calls for the court to impose a sentence sufficient, but not greater than necessary

It also requires the Court to consider the history and characteristics of the defendant. The attachments to this memorandum along with the PSR will hopefully help the court in determining who Mr. Adams is and what sentence complies with the dictates of 3553(a)

While the Government Sentincing Memorandum acknowledges the court should consider Mr. Adams history and characteristics they say
 1) that his background as determined by probation and Dr. Bardy do not militate for a lower sentence and
 2) rather flippantly and what appears to me and should appear to the court to be a direct contradiction of everything in 3553(a) The Government states that the history and characteristics "simply underscore that crimes of this nature can be committed by those in all walks of life"

That argument could apply to any defendant and any crime.

The Government here is really suggesting that 3553(a) does not apply to child pornography cases.

Child pornography offenses provoke visceral reactions, as they should. Any crime that preys on children is despicable. The Court, however, must not let its revulsion for the crime blind it to imposing an individualized sentence that considers all of the circumstances present in the case.

As noted above the Court should consider that pursuant to this plea, regardless of the sentence imposed, Mr. Adams will be required by New York State to register as a sex offender.

It is probable that Mr Adams will be classified as, a level 3 offender

requiring registration for life & a new photo and address verificatiion every 90 days .His photo may be published and neighbors informed of his status as a registered sex offender as well as very limited access to the internet ,all isp providers and all email accounts.

 His whereabouts will be available to the public as will his offenses with a simple search on line.  There is no doubt that sex offender registration can be construed both as a matter of public safety as well as punishment.
 Recently the Maryland High Court in Rogers v State applied an <u>Apprendi</u> (530 US 466 (2000)) analysis to its registration statute to determine whether registration was in fact so punitive as to be considered the kind of punishment that would require the due process analysis set forth in Apprendi. It found that it is in effect the same as placing a Defendant on probation, a decidedly criminal sanction.  Coupled with potential further criminal sanctions for failure to register as an offender or comply with the dictates on where to live and restrictions on the use of internet devices etc. it is clear that this is additional punishment beyond what this Court determines the sentence for Mr. Adams shall be.

 While it is not the claim or intent of the Defendant to contest either the necessity of registration or his place on the registry in these proceedings we believe that the extended lifetime sanctions imposed by the Registry should be considered in determining the appropriate sentence here. The finality of punishment for Mr. Adams  will extend far beyond this courtroom and the expiration of any sentence of incarceration.

 Based upon all of the above it is respectfully suggested that the court should sentence the defendant to the minimum of 15 years.

     Respectfully,
     *charles hochbaum*

     CHARLES S. HOCHBAUM